## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **BLAKE PERRIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 13-cv-389** |
| | § | |
| **STEVE E. SMITH,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Dismiss or Alternatively for More Definite Statement. (Doc. No. 9.) After considering the motion, all responses thereto, and the applicable law, the Court finds that Defendant's Motion to Dismiss must **DENIED.**

### I.        BACKGROUND

In October 2010, Defendant approached Plaintiff and solicited funding for his business, Privity Financial, LLC ("Privity"). (Doc. No. 1-10, *hereinafter* "Plaintiff's First Amended Petition", ¶ 10.) In January 2011, Plaintiff loaned Privity $250,000 (the "Loan"). The Loan was secured by a Promissory Note (the "Note") from Privity and by Defendant's personal guarantee (the "Guarantee"). (*Id.* at ¶ 11.) The Note obligated Defendant to pay Plaintiff the principal sum of $250,000 plus $20,000 in interest by March 30, 2011. In exchange for the Loan, Plaintiff received a 2% non-dilutable interest in Privity. (*Id.* at ¶ 12.)

In December 2011, Privity filed Chapter 7 bankruptcy. (Doc. No. 9 ¶ 4.) When the Loan came due, Defendant failed to pay. At that time, Plaintiff claims he discovered that Defendant induced Plaintiff to make the Loan and Note through fraud and false promises. (*Id.* at ¶ 14.) Defendant, as CEO of Privity, entered into a development agreement with a software company to create a software system that would allow small investors to invest in otherwise inaccessible oil and gas markets. (*Id.* at ¶ 15.) Plaintiff alleges that Defendant misrepresented to him that the software was in the final stages of development and also that Defendant had already raised $750,000 from other sources. (*Id.*) Plaintiff alleges that Defendant falsely assured Plaintiff that the software was "100% ready". (*Id.*) Plaintiff claims that, in fact, the software was not complete and the software company responsible for developing the software had terminated its work on the software before Plaintiff ever made the Loan. (*Id.* at ¶ 16.)

Plaintiff brought this suit against Defendant alleging breach of contract; common law fraud, fraudulent inducement and negligent misrepresentation; unjust enrichment; and violation of the Texas Securities Act.

## II.  LEGAL STANDARD

### A.  Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), a defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 2006 WL 2870972, at *2

(5th Cir. Oct. 9, 2006) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1203 (3d ed. 2004)).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must contain sufficient factual matter that, if it were accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim need not give rise to "probability," but need only plead sufficient facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A pleading also need not contain detailed factual allegations, but it must go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

While the court must accept well-pleaded facts as true, *Iqbal*, 556 U.S. at 678, it should neither "strain to find inferences favorable to the plaintiffs" nor "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A court should not evaluate the merits of the allegations, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B.  Rule 9(b) Fraud

Plaintiff's fraud claim is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." In the Fifth Circuit, the Rule 9(b) standard requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Southland Secs. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir.2004). Essentially, the standard requires the complaint to allege answers to "newspaper questions" ("who, what, when, where, and how") of the alleged fraud. *Melder v. Morris*, 27 F.3d 1097, 1100 n. 5 (5th Cir. 1994).

## III.   ANALYSIS

Defendant files this motion to dismiss all claims or, in the alternative, move for a more definite statement pursuant to Rules 12(e) and 9(b).

### A.  Breach of Contract Claim

Defendant claims that Plaintiff's breach of contract claim should be dismissed because neither party was an individual party to the note. Furthermore, Plaintiff has not produced the written guaranty. However, Plaintiff asserts that the Loan is between Plaintiff and Defendant's limited liability company, Privity, and that Defendant was a personal guaranty to the Loan. The Federal Rules of Civil Procedure do not require Plaintiff alleging breach of contract to attach a copy of the contract in question to his Complaint. *See Mansfield SEQ. 287 & Debbie Ltd. v. Citibank*, N.A., 3:10-CV-2204-L, 2011 WL 3471315 (N.D. Tex. Aug. 5, 2011) ("As Plaintiff did not attach a copy of the

Agreement to its pleadings and Defendant did not attach a copy to its motion to dismiss, the court cannot consider the Agreement as a whole. The court can consider only those parts of the Agreement referenced by the parties.")

Under Texas law, the elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal,* 167 S.W.3d 443, 450 (Tex.App.-Houston [14th Dist.] 2005, pet. denied)); *Sauceda v. GMAC Mortg. Corp.,* 268 S.W.3d 135, 140 (Tex.App.-Corpus Christi 2008, no pet.). Plaintiff alleges each of the four elements necessary to state a claim for breach of contract. Therefore, Plaintiff has properly pled a breach of contract claim and Defendant's motion to dismiss this claim must be denied.

### B.  Fraud Claims

Defendant argues that Plaintiff's fraud claims are conclusory allegations. Federal Rule of Civil Procedure 9(b) states that allegations of fraud "must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Based on paragraphs 15 and 16 of the Complaint,[1] which lay out with specificity the fraud that is alleged, the Court is

---

[1] Paragraph 15 states: Defendant, as CEO of Privity, entered into a development agreement with a software company to create a software system that would allow small investors to invest in otherwise inaccessible oil and gas markets. Defendant misrepresented to Plaintiff that the software was in the final stages of development and that Plaintiff's funding would allow the software to be finalized, tested and marketed. Defendant further misrepresented to Plaintiff that Defendant had already raised $750,000 from other sources. Defendant falsely assured Plaintiff that the software was 100% ready. (First Amend. Pet. ¶ 15.)

Paragraph 16 states: In truth, the software was nowhere near complete and the software company responsible for developing the software had terminated its work on the software before Plaintiff ever made the Loan. At the time Defendant induced Plaintiff to make the Loan and execute the Note, Defendant knew that the software was nowhere near completion and that completion would require substantial additional

satisfied that the Plaintiff has identified with particularity the misrepresentations made by Defendant. The Court must deny Defendant's motion to dismiss the fraud claims.

## IV.    CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss is **DENIED.**


**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 22nd day of April, 2013.


_____
THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

funds, work and time. In the end, Defendant used all or most of Plaintiff's Loan to furnish Defendant's own extravagant lifestyle while Defendant bankrupted Privity. (First Amend. Pet. ¶ 16.)